IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HEATHER COWMAN**, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | Judge |
| vs. | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **NEW SABINA INDUSTRIES, INC.**, | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | |

Plaintiff Heather Cowman ("Representative Plaintiff"), on behalf of herself and all others similarly situated, for her Complaint against Defendant New Sabina Industries, Inc. ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), on behalf of himself and other "similarly situated" persons who may join this case pursuant to §216(b) (the "Opt-Ins").

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and Division and because a substantial part of the events and omissions giving rise to Representative Plaintiff's claims occurred in this District and Division.

## PARTIES

5. Representative Plaintiff is an adult individual residing in Washington Court House, Ohio.

6. Within the three years preceding the filing of this Action, Representative Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis.

7. At all relevant times, Representative Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

8. Defendant New Sabina Industries, Inc. is a for-profit Ohio corporation with its principal place of business in Sabina, Ohio, in Clinton County.

9. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

10. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all relevant times, Representative Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Representative Plaintiff's written Consent to Join this Action is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

13. Defendant manufactures, distributes, and sells instrument clusters for automobiles and motorcycles throughout the United States and around the world.

14. Instrument clusters contain complex and sensitive electrical components. Thus, instrument clusters must be manufactured in a "clean" manufacturing environment.

15. The sensitive electronics in instrument clusters can also be damaged by static electricity.

16. Consequently, Defendant's production employees must take certain measures to ensure a clean and static-free environment in connection with their job duties.

17. Those measures include, but are not necessarily limited to, donning a hair-net, sanitary smock, gloves and static dissipative footwear.

18. Thus, donning and doffing of this sanitary clothing and anti-static footwear is integral and indispensable to the work performed by Defendant's production employees.

19. Because the donning and doffing of sanitary clothing and anti-static footwear is integral and indispensable to the work performed by Defendant's production employees, the time spent donning and doffing is compensable work time within the meaning of the FLSA and OMFWSA.

20. The donning of sanitary clothing and anti-static footwear by Defendant's production employees is those employees' first principal activity of the day.

21. The doffing of sanitary clothing and anti-static footwear by Defendant's production employees is those employees' last principal activity of the day.

22. Representative Plaintiff was employed by Defendant within the last three years as a production employee. Other similarly situated production employees are and were employed by Defendant as production employees.

23. Representative Plaintiff and other similarly situated employees were non-exempt employees under the FLSA and were paid an hourly wage.

24. Because Representative Plaintiff's and other similarly situated employees' job duties required them to work in a clean and static-free environment, they were required to don the

Case: 2:22-cv-00141-EAS-CMV Doc #: 1 Filed: 01/14/22 Page: 4 of 8 PAGEID #: 4

aforementioned sanitary clothing and anti-static footwear prior to the start of their shift, and then doff the aforementioned sanitary clothing and anti-static footwear after their shift.

25. Within the last three years, Defendant required Representative Plaintiff and other similarly situated employees to don sanitary clothing and other protective equipment while at Defendant's facility, but prior to clocking in at the start of their shift. Plaintiff and other similarly situated employees were not paid for this time.

26. After donning the sanitary clothing and other protective equipment, Representative Plaintiff and other similarly situated employees were required to attend a pre-shift meeting at which production targets, results and quality concerns were discussed. Representative Plaintiff and other similarly situated employees were not paid for this time.

27. At the end of their scheduled shift, Representative Plaintiff and other similarly situated employees had to doff their sanitary clothing and anti-static footwear. Representative Plaintiff and other similarly situated employees were not paid for this time.

28. Representative Plaintiff and other similarly situated employees, as full-time employees, regularly worked 40 or more hours in a workweek in the three years preceding the filing of this Action, including donning and doffing time and associated travel.

29. Representative Plaintiff and other similarly situated employees were not paid for all of the time spent donning and doffing their sanitary clothing and other protective equipment, attending pre-shift meetings, or for associated travel.

30. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked in excess of forty (40) each workweek.

4

31. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

32. The amount of time Plaintiff and other similarly situated employees spent performing unpaid work was approximately ten to fifteen minutes or more each day. This resulted in approximately 50 minutes to 1 hour and 25 minutes or more of unpaid overtime per class member, per week.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

34. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All current and former production employees of New Sabina Industries, Inc. who were required to don and doff sanitary clothing and/or anti-static footwear, but were not paid for that time at any time during the three (3) years preceding the date of the filing of this Action to the present**.

35. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Representative Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Representative Plaintiff seeks to represent those other employees and are acting on behalf of their interests as well as her own in bringing this action.

36. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this

5

action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (FLSA Overtime Violations)

37. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Representative Plaintiff and other similarly situated employees were not paid for time spent donning and doffing their sanitary clothing or anti-static shoes, attending a pre-shift meeting, or for associated travel.

39. Representative Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

40. Defendant's practice and policy of not paying Representative Plaintiff and other similarly situated employees for time spent donning and doffing their sanitary clothing or anti-static shoes, attending a pre-shift meeting, or for associated travel, resulted in Defendant's failure to pay Representative Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

41. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

42. As a result of Defendant's practices and policies, Representative Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Representative Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Representative Plaintiff and the Opt-In Plaintiffs who join this case pursuant to 29 U.S.C. § 216(b);

C. Award Representative Plaintiff and the putative class actual damages for unpaid wages;

D. Award Representative Plaintiff and the putative class liquidated damages equal in amount to the unpaid wages found due to Representative Plaintiff and the putative class;

E. Award Representative Plaintiff and the putative class pre-judgment and post-judgment interest at the statutory rate;

F. Award Representative Plaintiff and the putative class attorneys' fees, costs, and disbursements; and

G. Award Representative Plaintiff and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
Robi J. Baishnab (0086195)
1360 E. 9th Street, Suite 808
Cleveland, Ohio 44114
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: jmoyle@ohlaborlaw.com
rbaishnab@ohlaborlaw.com

Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage St., N.W., Suite D
Massillon, Ohio 44646
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

*Counsel for Plaintiff*


### JURY DEMAND

Plaintiffs demands a trial by jury on all eligible claims and issues.


*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle
*Counsel for Plaintiff*