**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **HEATHER COWMAN, on behalf of herself and all others similarly situated,** | ) ) ) | Case No. 2:22-cv-141 |
| | ) | Judge Edmund A. Sargus |
| Plaintiff, | ) ) | Magistrate Judge Chelsey M. Vascura |
| vs. | ) ) | |
| **NEW SABINA INDUSTRIES, INC.,** | ) ) | |
| Defendant. | ) ) | |

## JOINT MOTION FOR FLSA SETTLEMENT APPROVAL

Plaintiff Heather Cowman ("Plaintiff") and Defendant New Sabina Industries, Inc. ("Defendant") (collectively, the "Parties") respectfully move the Court for an Order approving their Fair Labor Standards Act ("FLSA") settlement ("Settlement").  The Settlement was reached by experienced wage and hour counsel during arms-length, good faith negotiations.  The following documents are submitted for the Court's approval:

**Exhibit 1**:   Collective Action Settlement Agreement, along with its Exhibits;

**Exhibit 2**:   Declaration of Shannon M. Draher ("Draher Dec.");

**Exhibit 3**:   Proposed Order approving settlement.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/Shannon M. Draher*
Shannon M. Draher (0074304)
7034 Braucher Street, N.W., Suite B
North Canton, Ohio 44720
Phone: 330-470-4428
Fax: 330-754-1430
sdraher@ohlaborlaw.com

**VORYS, SATER, SEYMOUR AND PEASE LLP**

*/s/ Robert A. Harris (with permission)*
Robert A. Harris (0059549)
Brian W. Dressel (0097163)
Janay M. Stevens (0090515)
52 East Gay St
Columbus, OH 43215
Phone: 614-464-5428
Fax: 614-719-4957

Robi J. Baishnab (0086195)
1360 E. 9th St., Suite 808
Cleveland, OH 44114
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Plaintiffs*

raharris@vorys.com
bwdressel@vorys.com
jmstevens@vorys.com

*Counsel for Defendant*

## MEMORANDUM IN SUPPORT

## STATEMENT OF FACTS

### A.    Factual and Procedural Background.

On January 14, 2022, Plaintiff filed her collective and class action Complaint (the "Action"). (ECF #1).  In the Action, Plaintiff asserted claims against Defendant, on behalf of herself and others similarly situated under the FLSA and Ohio law.  Specifically, Plaintiff alleges that Defendant violated the FLSA and Ohio law by failing to pay her and others similarly situated for donning and doffing sanitary clothing and anti-static footwear. (ECF #1).  On February 22, 2022, Defendant filed its Answer in which it denied all liability, and Defendant continues to deny any liability. (ECF #8).[1]

On April 15, 2022, Plaintiff filed a Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs.  (ECF #12).  Shortly thereafter, the Parties filed a Joint Motion to Stay all proceedings in the Action pending the Sixth Circuit's decision in *Clark v. A&L Home Care and Training Ctr., LLC*. (ECF #13).  The Court granted that Motion on May 25, 2022. (ECF #15).

The Sixth Circuit issued its decision in *Clark* on May 19, 2023.  *See Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023).  As a result, the Court lifted the stay on June 13, 2023. (ECF #17).

On October 13, 2024, Plaintiff filed a Renewed Unopposed Motion to Authorize FLSA Notice of Collective Action. (ECF #20).  On October 17, 2024, the Court granted Plaintiff's Renewed Unopposed Motion to Authorize FLSA Notice of Collective Action. (ECF #33).

---

[1] During discovery, Plaintiffs' Counsel identified an alleged regular rate of pay issue.  Any alleged resulting overtime damages were included in settlement discussions and the resulting Individual Settlement payments. (Draher Dec. at ¶ 8, fn. 1).

Following that Order, notice was distributed to "all current and former production employees of New Sabina Industries who were required to don and doff electro-static dissipative shoes at New Sabina Industries, Inc.'s facility in New Sabina, Ohio at any time during the period of June 27, 2020, to the present." Eighty-four individuals have joined this lawsuit (the "Opt-In Plaintiffs"). (Draher Dec. at ¶ 15). The Opt-In Plaintiffs and Plaintiff are collectively referred to for purposes of this Motion as the "Plaintiffs."

To avoid the burden, expense, risks, and uncertainty of litigation, the Parties agreed to engage in settlement discussions. (*Id*. at ¶ 12). The case was stayed pending the outcome of those discussions. (ECF #49).

Prior to the Parties' settlement discussions, the Parties engaged in formal and informal discovery, which included written discovery to Defendant and Defendant's production of the relevant documents and information. This allowed the Parties to perform a potential exposure analysis. Plaintiffs' Counsel worked with a Ph.D. level data scientist to create an exposure analysis using Plaintiffs' time and payroll records. The Parties exchanged several offers and demands during their settlement discussions and debated their respective legal and factual positions. The Parties reached a settlement May 8, 2025. (Draher Dec. at ¶¶ 13, 14). The terms of the Parties' agreement are embodied in the attached **Exhibit 1**.

### B. Summary of the Settlement.

The Settlement includes 84 Plaintiffs. (Agreement at ¶ 17, Exhibit B). The total settlement amount is $75,000.00, which includes: 1) Plaintiffs' Individual Settlement Awards; (2) Heather Cowman's Service Award; (3) Plaintiffs' Counsel's attorneys' fees in the amount of $25,673.72 (34%of the total settlement amount) and Plaintiffs' Counsel's litigation expenses; and (4) the Settlement Administrator's costs.

4

A Notice of Settlement will be sent to Plaintiffs, along with their Individual Settlement payment. Plaintiffs' Individual Settlement Awards represent a full and fair recovery for alleged unpaid overtime damages as calculated by Plaintiffs' Counsel and her data scientists.[2] (*Id.* at ¶¶ 16, 25, 35, Exhibits A, C).

The Settlement provides for a Service Award of $1,000 to Heather Cowman in consideration for her substantial assistance rendered to Plaintiffs' Counsel and in pursuing the rights of all Plaintiffs. (*Id.* at ¶ 30). Ms. Cowman provided substantial time and effort in communicating with Plaintiffs' Counsel during the prosecution of the Action and during settlement negotiations. (Draher Dec. at ¶ 17).

## LAW AND ARGUMENT

### A. The Court Should Grant Approval of the Parties FLSA Settlement Because the Seven-Factor Standard is satisfied.

A court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA "after scrutinizing the settlement for fairness." *Landsberg v. Acton Ents., Inc.*, 2008 U.S. Dist. LEXIS 51544, at *2, n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir.1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928, n.8 (1946)). As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *13 (E.D. Ky. Oct. 23, 2008).

---

[2] Every Plaintiff will receive a minimum payment of $50. (Draher Dec. at ¶ 16, fn. 2).

Here, Settlement satisfies each of the seven factors used by the Sixth Circuit when evaluating class/collective action settlements:  (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir.2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir.1983); *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *14).

1.    No indicia of fraud or collusion exists.

Plaintiffs' Counsel and Defendant's Counsel have extensive experience litigating FLSA claims, including claims for unpaid overtime wages, and each were given the opportunity to assess the merits of the Parties' claims and defenses, as well as the potential damages at issue in this case. Throughout the case, the Parties debated their respective factual and legal positions.   The Settlement was achieved only following arm's length, good faith negotiations after the Parties exchanged formal and informal discovery, which allowed them to fully perform a potential exposure analysis. (Draher Dec. at ¶ 13,14).

2.    The complexity, expense, and likely duration of continued litigation favor approval.

The policy favoring the settlement of collective actions and other complex cases applies here.  Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *Brent v. Midland Funding, LLC,* No. 3:11 CV 1332, 2011 U.S. Dist. LEXIS 98763, at *43 (N.D. Ohio Sep. 1, 2011) (Aug. 17, 2018) ("Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them.") (further citation omitted).  If this case had not settled, the Parties would be required to

engage in costly litigation and discovery, such as additional written discovery, depositions, expert discovery, and even possible site inspections and time-studies. The Settlement, on the other hand, provides substantial relief to the Plaintiffs promptly and efficiently, and amplifies the benefits of that relief through the economies of collective resolution. (Draher Dec. at ¶ 19).

3.    The amount of discovery engaged in by the Parties.

The Parties engaged in formal and informal discovery prior to their settlement negotiations. Specifically, Defendant produced its relevant policies and procedures and the Plaintiffs' time and payroll records. In addition, Plaintiffs' Counsel engaged a Ph.D. level data scientist to construct a potential exposure model using the produced data. (Draher Dec. at ¶ 13).

4.    The likelihood of success on the merits.

The Settlement represents a compromise of disputed claims. Specifically, Plaintiff alleges that Defendant violated the FLSA and Ohio law by failing to pay her and others similarly situated for donning and doffing sanitary clothing and anti-static footwear. (ECF #1). Throughout the litigation of the Action, Defendant has denied, and continues to deny, these allegations. (ECF #8). In addition, the Parties continue to disagree on the amount of time it took Plaintiffs to don and doff their sanitary clothing and anti-static footwear.

Accordingly, if this case did not settle, it is possible that Plaintiffs would receive no compensation or, if they did receive compensation, it would be after protracted and costly litigation. By settling the case at this relatively early stage of the litigation, the Plaintiffs bypass the inherent risks of litigation and achieve finality on this matter. (Draher Dec. at ¶ 19).

5.    The opinion of Plaintiffs' Counsel favors approval.

"The recommendation of Plaintiffs' Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Granada Invs., Inc. v. DWG Corp.*, 823 F. Supp. 448, 453 (N.D. Ohio 1993); and *Wright v. Premier Courier, Inc.*, No. 2:16-

cv-420, 2018 U.S. Dist. LEXIS 140019, at *11 (S.D. Ohio Aug. 17, 2018) (citing *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983)).

Here, Plaintiffs' Counsel is highly experienced in wage-and-hour collective and class actions. In fact, Plaintiffs' Counsel has represented thousands of employees in similar class and collective action lawsuits. Plaintiffs' Counsel's knowledge and experience of the claims at issue enabled her to thoroughly evaluate the claims and defenses in the Action. At all times, Plaintiffs' Counsel has acted in good faith and vigorously advocated in the best interests of the Plaintiffs. (Draher Dec. at ¶¶ 7, 20).

6.     The reaction of absent collective members.

There are no absent collective members. Each Plaintiff that is receiving a Settlement Award payment affirmatively opted into the Action prior to the Parties' settlement negotiations. In addition, Plaintiffs' Counsel thoroughly discussed the Settlement with Plaintiff, who likewise agrees that the Settlement is fair, reasonable, and in the best interests of the Plaintiffs. (Draher Dec. at ¶ 15, 17, fn. 2).

7.     The public interest.

"Public policy generally favors settlement of class action lawsuits." *Wright*, 2018 U.S. Dist. LEXIS 140019, at *13 and *Barnes v. Winking Lizard, Inc*., No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *11 (N.D. Ohio Mar. 26, 2019) (quoting *Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007)). Like in *Wright*, "the settlement confers immediate benefits on the Settlement collective, avoids the risks and expense in further litigation, and conserves judicial resources." *Id*.

**B.**     **The Settlement Distributions are Fair, Reasonable, and Adequate**.

In addition to evaluating the seven factors discussed above, the Court must also "ensure that the distribution of the settlement proceeds is equitable." *See e.g.*, *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *15 (N.D. Ohio Mar. 8,

8

2010); and *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at *18 (S.D. Ohio Sep. 9, 2016) (citations omitted).

        1.       The Individual Settlement Awards are fair, reasonable, and adequate.

Each Plaintiff will receive a Settlement Award Payment that, depending on the resolution of how much time is actually at issue, may be equal to 100% of their alleged unpaid overtime as calculated by Plaintiffs' Counsel and her data scientist. (Draher Dec. at ¶ 15). Accordingly, the Settlement is clearly fair, reasonable, and adequate. *See Ransom v. Burrows Paper Corp.*, No. 2:20-cv-3824, 2022 U.S. Dist. LEXIS 10638, at *4 (S.D. Ohio Jan. 18, 2022) (finding that a recovery of 42% of alleged unpaid wages is an "excellent result"); (Draher Dec. at ¶ 16).

        2.       The Service Award is proper and reasonable.

The Agreement provides for a Service Award of $1,000 to Plaintiff in recognition of, and in consideration for, her substantial assistance rendered to Plaintiffs' Counsel and in pursuing the rights of the Plaintiffs. Courts routinely approve service awards to plaintiffs in class and collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Barnes*, 2019 U.S. Dist. LEXIS 65657, at *18, and *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *21 (S.D. Ohio Dec. 3, 2019) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)). Service awards are meant to "compensate Plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillworth*, 2010 U.S. Dist. LEXIS 20446, at *7.

Here, Plaintiff provided substantial time and effort in communicating with Plaintiffs' Counsel during the prosecution of the Action and during settlement negotiations (Draher Dec. at ¶ 17).

        3.       The attorneys' fees to Plaintiffs' Counsel are proper and reasonable.

After the Court has confirmed that the terms of Settlement are fair to the Plaintiffs, it may review the Agreement as to the provision of fees and costs to Plaintiffs' Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. §216(b).

In *Fegley v. Higgins*, the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994), *cert. denied*, 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

The Agreement provides a payment of attorneys' fees to Plaintiffs' Counsel in the amount of $25,673.72. This amount represents slightly more than one-third of the total settlement amount and about 50% of Plaintiffs' Counsel's lodestar. (Draher Dec. at ¶ 21).

"The Sixth Circuit has approved a court's use of the percentage-of-the-fund method to determine a reasonable attorney's fee from a common fund settlement." *Satterly*, 2020 U.S. Dist. LEXIS 210868, at *28 (citing *Rawlings v. Prudential Bache Prop., Inc.*, 9 F.3d 513, 515-16 (6th Cir. 1993)). Indeed, the "percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share…." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 789 (N.D. Ohio 2010). "In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *Carr v. Bob Evans Farms*, N.D. Ohio No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS

228221, at *10-11 (July 27, 2018); *see also, Osman v. Grube, Inc.*, N.D. Ohio No. 3:16-cv-00802, 2018 U.S. Dist. LEXIS 78222, at *6 (May 4, 2018) ("One-third of the common fund is a reasonable attorneys' fee award and has been approved in similar FLSA collective actions in this judicial district.") (Internal citation omitted).

This conclusion was reiterated in *Harsh v. Kalida Mfg.*, N.D. Ohio No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869, at *20 (Sep. 13, 2021). In *Harsh*, the court held that while a court can utilize either the percentage-of-the-fund or the Lodestar approach to determine whether an award of attorneys' fees is reasonable, the percentage-of-the-fund approach is more appropriate in class and collective actions, as it "rewards counsel for success and penalizes it for failure." *Id.* at *19-20. The court further noted that the Lodestar method was more appropriate in wage and hour cases that "involve relatively small claims and therefore small amounts of damages in question," because "counsel for employees will inevitably be required to expend substantial resources and time, sometimes accruing fees several times greater than the value of damages in the case." *Id.* at *20. In contrast, in cases involving a common settlement fund the court found that it "sees no compelling reason, let alone any reason, to deviate from" a request for one-third of the fund. *Id.*

Further, Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation costs. They not only invested time, but also paid significant expenses up front, including filing and service fees, postage, notice administration fees, and data science consulting fees. (Draher Dec. at ¶ 23). "In doing so, Plaintiffs' Counsel assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci v. MBF Insp. Servs.*, S.D. Ohio No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *19 (Dec. 3, 2019); *see also, Barnes*, 2019 U.S. Dist. LEXIS 65657, at *15 ("Class Counsel provided representation on a purely

contingency fee basis, advancing all litigation costs and receiving no payment unless [and] until there was a recovery, and should be compensated for that risk").

    4.    <u>The litigation expenses to Plaintiffs' Counsel are proper and reasonable</u>.

Plaintiffs' Counsel should also be reimbursed their litigation expenses, which are $6,527.70. (Draher Dec. at ¶ 23).  "Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg*, 2019 U.S. Dist. LEXIS 204371 at *20.  In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id*.

Expenses include filing and service fees, postage, notice administration fees, and data science consulting fees. (Draher Dec. at ¶ 23).  Because Plaintiffs' Counsel's litigation expenses were incurred in the prosecution of the claims in this case and in obtaining the Settlement, the Court should award reimbursement of these expenses to Plaintiffs' Counsel.

## CONCLUSION.

The Parties submit that this Settlement is a fair, reasonable, and adequate resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action.  Accordingly, the Parties respectfully request that this Court: (1) enter the proposed Order Granting Joint Motion for FLSA Settlement Approval; (2) approve the requested Service Award; (3) approve Plaintiffs' Counsel's request for attorneys' fees and litigation expenses; and (4) retain jurisdiction to enforce the Settlement, if necessary.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/Shannon M. Draher*
Shannon M. Draher (0074304)
7034 Braucher Street, N.W., Suite B
North Canton, Ohio 44720
Phone: 330-470-4428
Fax: 330-754-1430
sdraher@ohlaborlaw.com

Robi J. Baishnab (0086195)
1360 E. 9th St., Suite 808
Cleveland, OH 44114
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Plaintiffs*

**VORYS, SATER, SEYMOUR AND PEASE LLP**

*/s/ Robert A. Harris (with permission)*
Robert A. Harris (0059549)
Brian W. Dressel (0097163)
Janay M. Stevens (0090515)
52 East Gay St
Columbus, OH 43215
Phone: 614-464-5428
Fax: 614-719-4957
raharris@vorys.com
bwdressel@vorys.com
jmstevens@vorys.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2025, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Shannon M. Draher*
*Counsel for Plaintiffs*