IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HEATHER COWMAN, on behalf of herself and all others similarly situated,**<br><br>       Plaintiff,<br><br>  vs.<br><br>**NEW SABINA INDUSTRIES, INC.,**<br><br>       Defendant. | Case No. 2:22-cv-141<br><br>Judge Edmund A. Sargus<br><br>Magistrate Judge Chelsey M. Vascura |

**ORDER APPROVING**
**FAIR LABOR STANDARDS ACT SETTLEMENT AND DISMISSAL**

Plaintiff Heather Cowman ("Plaintiff"), on behalf of herself and of the Opt-In Plaintiffs (collectively, "Plaintiffs"), and Defendant New Sabina Industries, Inc. ("Defendant") (collectively, the "Parties") have filed a motion asking that the Court approve: (a) settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b); (b) the requested Service Award (as defined and outlined in the Collective Action Settlement Agreement and Release (the "Agreement"), a copy of which was attached as Exhibit 1 to the Parties' Joint Motion for FLSA Settlement Approval ("Joint Motion")); and (c) Plaintiffs' Counsel's requested fees and expenses (as defined and outlined in the Agreement).

Having reviewed the Agreement, as well as the Parties' Joint Motion, the declaration attached to the Joint Motion, and the pleadings and papers on file in this case (the "Action"), and for good cause established therein, the Court hereby approves settlement of the FLSA claims as provided in the Agreement as follows:

1.    Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Agreement.

2. On January 14, 2022, Plaintiff, on behalf of herself and others similarly situated, filed her original Complaint in this Court, asserting collective and class claims for unpaid overtime under the FLSA and Ohio law. Specifically, Plaintiff alleged that she and others similarly situated were not paid for donning and doffing sanitary and anti-static footwear which allegedly resulted in violations of the FLSA and Ohio law.

3. Defendant filed its Answer to Plaintiff's Amended Complaint February 22, 2022, denying all liability.

4. The Parties settled this case on May 8, 2025. Before the Court now is the Parties' Joint Motion.

5. The Agreement provides for settlement of the Plaintiffs' wage and hour claims, the distribution of notice regarding the settlement, the settlement administration, the distribution of settlement payments to the Plaintiffs, the payment of a Service Award to the Plaintiff, and the payment of attorneys' fees and costs to Plaintiffs' Counsel.

6. The Agreement was achieved after arm's-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims.

7. The Court finds that the settlement is as a fair, reasonable, and adequate resolution of a *bona fide* dispute.

8. The Court approves the content, form, and distribution of the Notice of Settlement as attached to and outlined in the Agreement.

9. The Court approves the Service Award for Plaintiff in recognition of her services in this Action.

10. The Court approves the payment of Plaintiffs' Counsel's attorneys' fees and costs as provided in the Agreement.

11. The Court orders that all payments (including payments to Plaintiffs and Plaintiffs' Counsel) provided for in the Agreement be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

12. The Court dismisses, with prejudice, the Plaintiffs' claims as provided in the Agreement.

13. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

14. The Court retains jurisdiction over the Action to enforce the terms of the Agreement. The Clerk is **DIRECTED** to enter judgment and terminate this case.

IT IS SO ORDERED this  17th  day of   November  , 2025.

                                                    s/Edmund A. Sargus, Jr.
                                                    EDMUND A. SARGUS, JR.
                                                    UNITED STATES DISTRICT JUDGE